IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In re:

Stephen A. Devereaux, Kellie L. Devereaux fka
Kellie Sanchez-Migull

CASE NO.  17-80778

CHAPTER 13

DEBTOR(S).

NOTICE OF MOTION

To: Stephen & Kellie Devereaux 14513 Bianca Ln Hinckley, IL 60520-6251
Brian Wright & Associates 437 W. State Street, Suite 101 Sycamore, IL 60178
Lydia Meyer P.O. Box 14127 Rockford, IL 61105-4127

PLEASE TAKE NOTICE that on November 29, 2018 at the hour of 9:00 a.m., I shall appear before the Honorable Judge Lynch, U.S. Courthouse 327 South Church Street Courtroom 3100, Rockford, Illinois 61101 and then and there move the court pursuant to the attached Motion at which time and place you may appear if you see fit.

/s/Michael Dimand
MICHAEL DIMAND

CERTIFICATE OF MAILING

I, MICHAEL DIMAND, an attorney, certify that I served the above-named respondents by placing a copy of the Motion in an envelope, correctly addressed and mailing same by regular mail, postage pre-paid in the U.S. Mail chute at 125 E. Lake St., Bloomingdale, Illinois before the hour of 5:00 p.m. on November 16, 2018.

/s/Michael Dimand
MICHAEL DIMAND

THIS COMMUNICATION IS FROM A "DEBT COLLECTOR." (15USC 1692a)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re:<br><br>Stephen A. Devereaux, Kellie L. Devereaux fka Kellie Sanchez-Migull<br><br>DEBTOR(S). | CASE NO.  17-80778<br>CHAPTER 13 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY) OR IN THE ALTERNATIVE CASE DISMISSAL

RoundPoint Mortgage Servicing Corporation ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 14513 Bianca Ln, Hinckley, IL 60520 (the "Property").  Alternatively, Movant requests that the above-captioned Chapter 13 case be dismissed.  In support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on March 31, 2017.

2. Pursuant to a certain Note and Mortgage, all obligations of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property.  Copies of the Note, Mortgage, and Assignment of Mortgage (if applicable) and a Payment History are attached hereto.

3. As of November 9, 2018, the outstanding amount due is $144,194.33.

4. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred $650.00 in legal fees and $181.00 in costs.  Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

5. The debtor is due post-petition for the September 1, 2018 payment, a default of 3 months, minus suspense balance of $-2,401.23 totaling $4,815.24.

6. The estimated market value of the Property is $285,000.00.  The basis for such valuation is Debtor(s)' Schedule A and Schedule D.

7. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $144,194.33.

8. Cause exists for relief from the automatic stay for the following reasons:

A. Movant's interest in the Property is not adequately protected.

B. Movant's interest in the collateral is not protected by an adequate equity cushion.

C. The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

D. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. The failure of the Debtor(s) to make post-confirmation plan payments constitutes a material default under the plan and is cause for dismissal of this Chapter 13 case, pursuant to 11 U.S.C. § 1307(c).

5. For such other relief as the Court deems proper.

Respectfully submitted:

/s/Michael Dimand
Michael Dimand
Attorney for Creditor

Michael Dimand
Wirbicki Law Group, LLC
Attorney for Creditor
33 West Monroe,
Suite 1540
Chicago, IL 60603
Phone: 855-891-6777
Fax: 312-360-9461
W17-0249

**THIS COMMUNICATION IS FROM A "DEBT COLLECTOR." (15USC 1692a)**